# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANNIE PARKER )   )   Plaintiff, )   )   v. )   )   ALCON, INC. d/b/a )   ALCON LABORATORIES, INC. )   )   Defendant. ) | 2:20-cv-01894- LSC |

## MEMORANDUM OF OPINION

Before the Court is Defendant Alcon Inc.'s ("Alcon" or "Defendant") Motion to Dismiss for lack of personal jurisdiction, improper service, and failure to state a claim upon which relief can be granted. (Doc. 8) For the reasons stated below, Defendant's Motion to Dismiss (Doc. 8) is due to be GRANTED, and Plaintiff's requests for jurisdictional discovery and leave to amend (Doc. 14.) are due to be DENIED.

## I. BACKGROUND

Plaintiff, Annie Parker ("Parker" or "Plaintiff") is a 78-year-old woman and a citizen of Jefferson County, Alabama. (Doc. 4 at 1, 7.) Defendant Alcon is a

corporation organized under the laws of Switzerland, with its principal place of business in Fribourg, Switzerland. (Doc. 8–1 at 2.)

Parker has glaucoma in both eyes. (Doc. 4 at 7.) After meeting with a doctor, it was decided that she would undergo cataract surgery that would also involve implanting in both eyes the CyPass Micro-Stent, a medical device that is inserted into the eye to relieve glaucoma-caused eye pressure that can lead to optic nerve damage. Parker alleges that the CyPass Micro-Stents were designed, manufactured, and sold by Defendant. (Doc. 4 at 3, 7.) On October 24, 2017, Parker underwent the surgery, and the night after complained of pain, headaches, sensitivity to light, and itchiness. (Doc. 4 at 7.) At an unspecified time between October 24, 2017, and November 28, 2018, Plaintiff visited another doctor for a second opinion, who recommended that the CyPass Micro-Stents be removed. *Id.* On August 29, 2018, there was a worldwide recall of the CyPass Micro-Stent after a study indicated that the device could damage cells in the eye. (Doc. 4 at 6.) On November 28, 2018, Plaintiff underwent the recommended surgery to remove the CyPass Micro-Stents. (Doc. 4 at 7.)

Plaintiff subsequently filed suit against Defendant. Plaintiff filed her Complaint on November 29, 2020. (Doc. 1.) Plaintiff then filed the First Amended Complaint on December 24, 2020. (Doc. 2.) On January 8, 2021, Plaintiff filed the

Second Amended Complaint ("SAC") without asking for consent from Defendant or leave from the Court. (Doc. 4.) Defendant then filed its motion to dismiss on February 9, 2021. (Doc. 8.) Plaintiff responded to Defendant's motion on March 6, 2021. (Doc. 14.) Plaintiff's response requested that the motion to dismiss be denied, but in the alternative asked for an opportunity to conduct discovery or to have leave to amend. *Id.* Defendant filed its reply on March 15, 2021. (Doc. 19.)

In its motion to dismiss, Defendant argues that Alcon is not subject to personal jurisdiction in Alabama. (Doc. 8 at 2.) In the SAC, Parker alleges that Alcon is a Delaware corporation with its principal place of business in Texas, and further asserts that Alcon does business as "Alcon Laboratories, Inc." ("Laboratories"). (Doc. 4 at 1.) Parker further alleges that "defendant continuously and systematically does business with the Northern District of Alabama." *Id.* at 2.

Alcon contests this allegation, asserting that they are a Swiss corporation, and that Laboratories is actually a wholly owned subsidiary of Alcon, and that the two are separate corporate entities. In support of this argument, Alcon submitted an affidavit from Jean-Baptiste Emery ("Emery"). (Doc. 8-1.) Emery is the Executive Director of Alcon, which he asserts is a corporation organized under the laws of Switzerland with its principal place of business in Fribourg, Switzerland. *Id.* at 1. Emery states that "Alcon has never done business as Alcon Laboratories, Inc.," that "Alcon

Laboratories, Inc. is a wholly-owned subsidiary of Alcon," and that "Alcon and Alcon Laboratories, Inc. are separate corporate entities." *Id.* at 2. Emery further states that Alcon "does not conduct, and has never conducted, business anywhere in the state of Alabama." *Id.* at 3. Finally, Emery states, "Alcon has never maintained a national market in the United States" and that Alcon "has never marketed, promoted, distributed or sold any product" in "the State of Alabama or any other State or United States territory." *Id.*

In responding to Emery's affidavit and to further establish personal jurisdiction over Alcon, Parker submitted a page from the Delaware Secretary of State's website that shows an "Alcon Incorporated" as being incorporated in Delaware. (Doc. 14-1.) Additionally, Parker submitted a filing from the US Securities and Exchange Commission ("SEC") which shows that "Alcon Inc" has its principal executive offices in Fort Worth, Texas. (Doc. 14-2.)

In response to these submissions by Parker, Alcon provided a reply in support of its motion to dismiss. To rebut the SEC filing, Alcon asserts in its reply that the filing was not done by them but rather a third-party, and that the provided address was incorrect. Additionally, to rebut the Delaware Secretary of State's website page, Alcon's reply includes a declaration from Sharon Woods ("Woods"). (Doc. 19–2.) Woods is the Manager of Corporate Data, Governance and Securities at Alcon

Vision, LLC ("Vision"), an indirect subsidiary of Alcon, and her position provides "access to the current and historical corporate records and information pertaining to Alcon Vision, LLC and all other subsidiaries or affiliated entities of Alcon Inc. in the United States." *Id.* at 2. Woods's declaration states that the Alcon Incorporated referred to on the Delaware Secretary of State's website page that Parker submitted "is not and has never been affiliated in any way with [Defendant] Alcon." *Id.* at 3.

## II.   STANDARD OF REVIEW

### A.   PERSONAL JURISDICTION

In a Rule 12(b)(2) motion to dismiss, the plaintiff has the initial burden to show that the Court has personal jurisdiction over the defendant. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). The plaintiff must allege "sufficient facts to make out a prima facie case of jurisdiction." *Estate of Scutieri v. Chambers*, 386 F. App'x 951, 956 (11th Cir. 2010). Conclusory allegations are insufficient. *Meier*, 288 F.3d at 1269. "A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Once the plaintiff establishes a prima facie case of jurisdiction, the burden shifts to the defendant to challenge those allegations. *Meier*, 288 F.3d at 1269. If the defendant submits affidavits challenging jurisdiction, the burden then shifts back to the plaintiff to substantiate the allegations in the

complaint with evidence supporting jurisdiction. *Id.* Where, as here, the defendant has supported its jurisdictional challenge with affidavits, the plaintiff "bears the burden of proving 'by affidavit the basis upon which jurisdiction may be obtained.'" *Posner*, 178 F.3d at 1214. Ultimately, reasonable inferences are drawn in the plaintiff's favor if the evidence conflicts. *Madara*, 916 F.2d at 1514.

A federal district court "may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *see also Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Personal jurisdiction is generally a two-step inquiry, as the court must consider whether exercising personal jurisdiction is consistent with both the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). However, for federal courts in Alabama, "the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (citing Ala. R. Civ. P. 4.2(b)); *see also Ex parte Edgetech I.G., Inc.*, 159 So. 3d 629, 633 (Ala. 2014). Thus, this Court need only consider the limits of the Due Process Clause. *Mut. Serv. Ins. Co.*, 358 F.3d at 1319.

To subject a nonresident defendant to personal jurisdiction, due process requires that the defendant "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

### B.   Jurisdictional Discovery

"[W]hen facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, [a] part[y] ha[s] a 'qualified right to jurisdictional discovery,'" unless that party unduly delayed in engaging in discovery. *Am. Civ. Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (quoting *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 (11th Cir. 1982)). In such cases, it would be an abuse of discretion to deny a timely brought motion for jurisdictional discovery. *Id.* Additionally, parties should take every step possible to signal to the court their immediate need for discovery. *United Tech. Corp. v. Mazer,* 556 F.3d 1260, 1281 (11th Cir. 2009). When plaintiffs wait long periods of time between the filing of their complaint and the request for jurisdictional discovery, district courts may properly deny their request. *See Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (finding that a failure to engage in any discovery

between the filing of the complaint and dismissal is an important consideration in denying jurisdictional discovery).

### C. Leave to Amend

A party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). After this first amendment, or unless otherwise specified, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule goes on to state that "[t]he court should freely give leave when justice so requires." *Id.* In the absence of a declared or apparent reason, refusing to grant a leave to amend is an abuse of discretion. *Thomas v. Farmville Mfg. Co., Inc.,* 705 F.2d 1307, 1308 (11th Cir. 1983). The Federal Rules require that any "request for a court order must be made by motion. The motion must: be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b). Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly. *Posner*, 178 F.3d at 1222.

### III. DISCUSSION

There are two types of personal jurisdiction—general jurisdiction and specific jurisdiction—but both are based on the defendant's contacts with the forum state.

### A.  General Jurisdiction

General jurisdiction exists over defendants "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The contacts must be so great that any suit in the forum state is justified, even on matters unrelated to the defendant's contacts with the forum state. *See Int'l Shoe Co.*, 326 U.S. at 318. Corporate defendants are subject to general jurisdiction at their place of incorporation and their principal place of business.  *See Daimler*, 571 U.S. at 137. "'[A] corporation's operations in a forum other than its formal place of incorporation or principal place of business' will be 'so substantial and of such a nature as to render the corporation at home in that State' only in 'exceptional' cases." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (quoting *Daimler*, 571 U.S. at 139 n.19).

This Court lacks general personal jurisdiction over Defendant. Alcon is incorporated in Switzerland with its principal place of business in Switzerland. (Doc. 8-1 at 2.) Alcon does not have its place of incorporation or its principal place of business in Alabama, so it is not at home there. *Daimler*, 571 U.S. at 137. Alcon lacks contacts with Alabama that are so continuous and systematic as to "render [them] essentially at home" in Alabama. *Goodyear*, 564 U.S. at 919.

Parker does not seriously contest this point, and her conclusory allegation that Alcon does business in Alabama is not sufficient. Parker pleads no additional facts suggesting that Alcon has such contacts that would render them "essentially at home" in Alabama, or contacts that are "so substantial" as to make this one of the "exceptional" cases where "a foreign corporation is 'at home' in a forum other than its place of incorporation or principal place of business." *Carmouche*, 789 F.3d at 1204 (citing *Daimler*, 571 U.S. at 139 n.19).

### B. Specific Jurisdiction

The inquiry of whether a court may assert specific jurisdiction over a nonresident defendant focuses on "the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). For a court to exercise specific jurisdiction, the suit must "arise out of or relate to" the defendant's contacts with the forum state. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1786 (2017). Further, the defendant's contacts must create a "substantial connection" with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Specific jurisdiction does not require a large volume of contacts with the forum state, as even a single purposeful contact can give rise to personal jurisdiction. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957); *see also Licciardello v.*

*Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008) ("The Court has made clear . . . that '[s]o long as it creates a "substantial connection" with the forum, even a single act can support jurisdiction.'" (citing *Burger King*, 471 U.S. at 475 n.18)). First, to have constitutionally minimum contacts, a defendant's contacts with the forum must (1) be related to the cause of action or have given rise to it; (2) involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum; and (3) be of a nature that the defendant should reasonably anticipate being haled into court in the forum. *Eurisol*, 488 F.3d at 925.

The Eleventh Circuit has considered specific personal jurisdiction in the product-liability context by applying the "stream of commerce" approach. *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546–48 (11th Cir. 1993) ("The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State.") In *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, the Eleventh Circuit articulated the "stream of commerce" test:

> The stream of commerce test for jurisdiction is met if the nonresident's product is purchased by or delivered to a consumer in the forum state, so long as the nonresident[]'s conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there for claims arising out of that conduct.

207 F.3d 1351, 1357 (11th Cir. 2000) (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 298)).

Similarly, in *Simmons v. Big No. 1 Motor Sports, Inc.,* the court found that:

> By designing the [product] for a manufacturer that distributes nationally in the United States, [the defendant] thereby invoked the benefits and protections of those states, including Alabama. *World-Wide*, 444 U.S. at 297. Therefore, "it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others."

908 F.Supp.2d 1224, 1229 (N.D. Ala. 2012) (quoting *World-Wide*, 444 U.S. at 297).

A subsidiary delivering products into the stream of commerce does not necessarily subject their parent company to the jurisdiction of that forum State. A foreign parent company is generally not subject to the jurisdiction of a forum state just because they have a subsidiary doing business there. *Meier*, 288 F.3d at 1272. However, if the subsidiary is merely an agent that the parent company uses to conduct business in a particular jurisdiction, or its separate corporate status is a mere formality with no individual identity, then the subsidiary's business can be viewed as that of the parent for the purposes of asserting personal jurisdiction. *Id.*

This Court lacks specific jurisdiction over Alcon. Under the first prong, to show sufficient contacts "related to the cause of action," Parker alleges that Alcon designed, manufactured, sold, and placed in the stream of commerce a defective device that caused Plaintiff's injuries. (Doc. 4 at 8.) However, Alcon provided an

affidavit from Emery, in which he states that Alcon has never done business in the United States, thus shifting the burden back to Plaintiff to produce additional evidence supporting jurisdiction. *Meier*, 288 F.3d at 1269. Plaintiff's given evidence was tenuous at best. In responding to Emery's affidavit and to further establish personal jurisdiction over Alcon, Parker submitted a page from the Delaware Secretary of State's website that shows an "Alcon Incorporated" as being incorporated in Delaware. (Doc. 14–1.) Additionally, Parker submitted a filing from the SEC which shows that "Alcon Inc" has its principal executive offices in Fort Worth, Texas. (Doc. 14–2.)

Rather than establishing personal jurisdiction, this evidence demonstrates that personal jurisdiction does not exist as to Alcon in Alabama. Even if true that Alcon is incorporated in Delaware or that its principal place of business is in Texas, no evidence is provided as to minimum contacts with the state of Alabama. As previously mentioned, Emery's affidavit claims that Alcon does not have distributors, does not conduct business, and does not supply goods or services in Alabama or anywhere else in the U.S. (Doc. 8–1 at 3–4.) Essentially, the affidavit makes clear that Alcon has not injected any products into the stream of commerce in the United States. This affidavit shifted the burden onto Parker to challenge these allegations with affidavits of her own. *Posner*, 178 F.3d at 1214. Instead of doing so,

Parker responded by saying that there is "no dispute concerning the requisite minimum contacts of Alcon with Alabama." (Doc. 14 at 3.) Plaintiff's counsel has provided no evidence that Alcon actually has the requisite contacts with the state of Alabama.

The fact that Laboratories is a subsidiary of Alcon is not sufficient to establish minimum contacts, either. While Laboratories may indeed do business in Alabama, Emery states that Alcon and Laboratories are separate corporate entities that keep separate records, file separate tax returns, and have different corporate officers. (Doc. 8-1 at 3.) Plaintiff has provided no evidence that Laboratories is "merely an agent" that Alcon does business through, or that "its separate corporate status is merely a formality." *Meier,* 288 F.3d at 1272. As a result, the first prong of the minimum contacts inquiry is not met, and Alcon cannot be subjected to specific jurisdiction in Alabama. *Eurisol*, 488 F.3d at 925. Since there are no minimum contacts, the Court need not address whether exercising specific personal jurisdiction would offend traditional notions of fair play and substantial justice.

For the reasons stated above, this Court lacks personal jurisdiction over Alcon. Because this Court finds that it lacks personal jurisdiction over Alcon, it need not address whether service was proper or whether Parker states a claim upon which

relief may be granted. Accordingly, Defendant's motion to dismiss (Doc. 8) is due to be GRANTED and this case is due to be DISMISSED WITHOUT PREJUDICE.

### C.     Jurisdictional Discovery

Plaintiff has never formally moved the court for jurisdictional discovery, rather she simply placed the request for jurisdictional discovery at the end of her response as an alternative to denying the motion to dismiss. (Doc. 14.) This request is like the plaintiff's requests in *Mazer*. There, the plaintiff never formally moved for jurisdictional discovery and instead "buried such requests in its briefs" as an alternative to dismissing the defendant. *Mazer*, 556 F.3d at 1281–82. The court found this method did not "take every step possible" to inform the court of the need for discovery and led to the court denying the requests. *Id.* at 1282. Similarly, Parker "buried [her] request" in her briefs by placing the request at the end of Plaintiff's opposition to Defendant's motion to dismiss. (Doc. 14 at 9.) As Plaintiff has not formally filed a motion for jurisdictional discovery, Parker's request is due to be DENIED. Further, it would be inappropriate for this Court to allow this case to proceed with jurisdictional discovery when this Court does not have personal jurisdiction over any named Defendant.

### D.     Leave to Amend

Plaintiff made her request for leave to amend in the same way that she requested jurisdictional discovery. Plaintiff simply placed the request in her opposition to Defendant's motion to dismiss. (Doc. 14 at 9.) In doing so, Plaintiff falls into the exact reasoning used by the court in *Posner*. In *Posner*, the plaintiff never formally moved for leave to amend and merely included the request for leave to amend in their opposition memorandum. *Posner*, 178 F.3d at 1222. The court found that the request was not raised properly, and that denying the request was proper. *Id.* Here, Plaintiff failed to follow the requirements of the Federal Rules. Plaintiff did not "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b). Accordingly, Plaintiff's request for leave to amend is due to be DENIED.

## IV. Conclusion

For the reasons discussed above, Defendant Alcon's Motion to Dismiss (Doc. 8.) is due to be GRANTED, Plaintiff's request for jurisdictional discovery (Doc. 14.) is due to be DENIED, and Plaintiff's request for leave to amend (Doc. 14.) is due to be DENIED. Accordingly, this case is due to be DISMISSED WITHOUT PREJUDICE to Plaintiff's ability to sue the correct Defendant if Alcon is not the correct Defendant. If Alcon is the correct Defendant, Plaintiff must sue where a court has personal jurisdiction over Alcon. An Order consistent with this opinion will be entered contemporaneously herewith.