UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANNIE PARKER | ) |
| Plaintiff, | ) |
| | ) 2:20-cv-01894 |
| v. | ) |
| ALCON, INC. d/b/a ALCON LABORATORIES, INC. | ) |
| Defendant. | ) |

**MEMORANDUM OF OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 28) of the Court's Memorandum of Opinion granting Defendant's Motion to Dismiss (Doc. 26). For the reasons discussed below, the Court DENIES Plaintiff's Motion for Reconsideration.

**I.     Background**

The initial background of this case was presented in previous a Memoranda of Opinion on September 22, 2021. (*See* Doc. 26.) Parker's Motion asks the Court to reconsider its decision to dismiss the case without prejudice for lack of personal jurisdiction. (Doc. 28.)

**II.    Discussion**

Parker's Motion is based upon two reasons: (1) the Defendant's submitted affidavits were false, (2) and evidence has now been submitted that Alcon has a large sales force in Alabama. (Doc. 287.)

The "[o]nly grounds for granting [a] motion to alter or amend judgment are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King, 500 F.3d 1335* (11th Cir. 2007), certiorari denied 552 U.S. 1040, 169 (2007). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Further, the decision to alter or amend a judgment is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). The same standard applies when reconsidering a motion to dismiss. *See Richard v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

The Court finds no manifest error of law or fact. The Court has carefully considered Plaintiff's arguments. Parker argues that the affidavits submitted by Alcon were false. In support of this argument, Parker again relies on the page from the Delaware Secretary of State's website which shows an "Alcon Incorporated" as being incorporated in Delaware and a filing from the US Securities and Exchange Commission which shows that "Alcon Inc" has its principal executive offices in Fort

Worth, Texas. However, the Court fully explained its reasoning regarding these documents in its Opinion, and nothing Plaintiff argues in her motion changes the Court's conclusions.

Parker also argues that Alcon had a large sales force in Alabama and points to screenshots from various LinkedIn profiles as proof. As previously mentioned in this Court's Memorandum of Opinion, Parker bore "the burden of proving 'by affidavit the basis upon which jurisdiction may be obtained.'" *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999). The Court is skeptical of whether these screenshots would satisfy Parker's burden. However, the Court need not determine whether these screenshots do in fact satisfy her burden. Although Parker attempts to do so, Parker cannot use this Motion to Reconsider as an opportunity to raise arguments Plaintiff previously made or could have made. *See Arthur,* 500 F.3d at 1335. Yet, Parker relies on an argument and evidence not raised in her brief opposing Defendant's Motion to Dismiss.

Parker also presents no newly discovered evidence. Newly discovered evidence is not "evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Here, Parker's "newly discovered evidence" is LinkedIn screenshots that were available at the motion to dismiss stage. As a result, the Court does not consider

Plaintiff's presentation of the LinkedIn screenshots when ruling on Plaintiff's Motion.

Given that the decision to grant Plaintiff's Motion lies with the Court's sound discretion and that Plaintiff has failed to show a manifest error of law or fact or any newly discovered evidence that would warrant reconsideration, the Court denies Plaintiff's Motion to Reconsider.

## II.   Conclusion

For the reasons stated above, Plaintiff's Motion to Reconsider (Doc. 28) is hereby DENIED.

**DONE** and **ORDERED** on October 22, 2021.

_____
L. Scott Coogler
United States District Judge

206770